# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3476 | **DATE** | 4/14/2004 |
| **CASE TITLE** | DIRECTV vs. TOM FREY | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Motion (11-1) to dismiss Counts III and V is granted. Counts III and V of the complaint are dismissed with prejudice. Enter Memorandum Opinion and Order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

| DW | courtroom deputy's initials |
|---|---|

number of notices

APR 19 2004

date docketed

docketing deputy initials

date mailed notice

Date/time received in central Clerk's Office

mailing deputy initials

**Document Number**

21

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DIRECTV,

    Plaintiff,

      v.

TOM FREY,

    Defendant.

No. 03 C 3476
Judge James B. Zagel

**DOCKETED**

APR 1 9 2004

## MEMORANDUM OPINION AND ORDER

    DirecTV, a California-based company, has filed with this court one of numerous civil actions against individuals for their activities in connection with electronic devices designed to intercept satellite signals for the purpose of, among other things, obtaining free viewing of television programming. DirecTV's primary source of revenue is subscriptions paid for access to the television programming it distributes throughout the country. To prevent the unauthorized reception and use of its broadcasts, DirecTV scrambles the signal with encryption technology. Yet, devices and equipment have been developed (which DirecTV refers to as "Pirate Access Devices") to decode DirecTV's signal and gain unauthorized access to DirecTV's satellite programming.

    On May 25, 2001, DirecTV executed writs of seizure at the mail shipping facility used by several major distributors of Pirate Access Devices. DirecTV claims that records obtained during this raid provide evidence of the defendant's purchase of Pirate Access Devices. DirecTV has brought a five-count complaint against the defendant for violation of federal telecommunication and wiretapping laws and for unlawful conversion of DirecTV's property under state common law.

27

The defendant now asks me to dismiss Counts III and V of the complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In Count III, DirecTV seeks damages for possession, manufacture or assembly of an electronic, mechanical or other device or equipment in violation of the Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2512. In Count V, DirecTV seeks damages for intentional and wrongful conversion of its satellite programming.

The purpose of a motion to dismiss under Rule 12(b)(6) is to "test the sufficiency of the complaint." *Triad Assoc., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). In reviewing a motion to dismiss, I must construe all allegations in the complaint in the light most favorable to the plaintiff and accept all well-pleaded facts and allegations as true. *Bontkowski v. First Nat'l Bank*, 998 F.2d 459, 461 (7th Cir. 1993). A complaint should only be dismissed when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## Count III:  Civil Action Under 18.U.S.C. § 2520 for Acts in Violation of 18 U.S.C. § 2512

DirecTV claims that it is entitled to actual or statutory damages for the defendant's manufacture, assembly, or possession of an electronic communication interception device in violation of 18 U.S.C. § 2512. This provision of the statute penalizes any person who

> manufactures, assembles, possesses, or sells any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications, and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce . . .

2

Despite the criminal nature of this provision, DirecTV contends that 18 U.S.C. § 2520(a) creates a private cause of action for violations of § 2512. Section 2520(a) states,

> any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

DirecTV asserts that because § 2520(a) refers to a "violation of this chapter," any violation under "this chapter" is grounds for a civil cause of action. I reject such an interpretation because it would require me to divorce the phrase from its proper context. The phrase "in violation of this chapter" necessarily qualifies how the plaintiff's "wire, oral, or electronic communication [must be] intercepted, disclosed, or intentionally used" in order for the plaintiff to bring an action under § 2520(a). *DirecTV, Inc. v. Westendorf*, No. 03 C 50210, 2003 U.S. Dist. LEXIS 16236, at *1 (N.D. Ill. Sept. 15, 2003). Since violations of § 2512 do not involve interception, disclosure, or intentional use, § 2520 cannot be construed as referring to violations of § 2512.

DirecTV also argues, more circumspectly, that § 2520 is merely a standing provision, which, once satisfied, allows the plaintiff to obtain relief from the defendant for any violation of 18 U.S.C. § 2510-2522. By this reasoning, DirecTV's allegations that the defendant "intercepted, disclosed, [or] intentionally used" in violation of § 2511 in Count II qualifies the plaintiff to bring any cause of action for violations of the statute. This interpretation is more plausible, and a number of courts have interpreted § 2520(a) to allow for a cause of action for violations of § 2512 even though the language of § 2520(a) does not expressly provide for it. *e.g.*,

*DirecTV, Inc. v. Perez*, 279 F. Supp. 2d 962 (N.D. Ill. 2003); *Oceanic Cablevision, Inc. v. M.D. Electronics*, 771 F. Supp. 1019 (D. Neb. 1991); *DirecTV, Inc. v. Calamanco*, No. 02 C 4102, 2003 U.S. Dist. LEXIS 21730 at *8 (N.D. Iowa Jan. 20, 2003); *DirecTV, Inc. v. Griffin*, 290 F. Supp. 2d 1340 (M.D. Fla. 2003).[1]

Other courts, however, have read the plain language of § 2520 as precluding a civil cause of action under § 2512. *See, DirecTV, Inc. v. Maraffino*, No. 03 C 3441, 2004 U.S. Dist. LEXIS 799 at *3 (N.D. Ill. Jan. 23, 2004) (asserting that rulings by prior courts that § 2520(a) creates a civil cause of action for violations of § 2512 are "contrary to the plain language of the statute"); *DirecTV, Inc. v. Cardona*, 275 F. Supp. 2d 1357, 1367 (M.D. Fla. 2003) ("To recognize a cause of action [for violations of § 2512] would be tantamount to denying the language of § 2520(a) its ordinary meaning."); *see also Westendorf*, 2003 U.S. Dist. LEXIS 16236. (finding that § 2520 does not create a cause of action for violations of § 2512); *DirecTV, Inc. v. Childers*, 274 F. Supp. 2d 1287 (M.D. Ala. 2003) . I have found no guidance for resolving this particular matter among Seventh Circuit decisions or the decisions of any other circuit for that matter.[2]

The very existence of a split in authority among the districts, and within this district, countervails assertions that language in the statute plainly describes the nature of the cause of

---

[1]  DirecTV primarily relies upon *Oceanic Cablevision, Inc.*, and *DirecTV, Inc. v. EQ Stuff Inc.*, 207 F. Supp. 2d 1077 (C.D. Cal. 2002) to support its assertion that § 2520(a) does provide a cause of action for violations of § 2512. However, as I read these cases neither *Oceanic* nor *EQ Stuff* provides any insight into the question of whether § 2520(a) creates a private cause of action for violations of § 2512. *Maraffino*, 2004 U.S. Dist. LEXIS 799.

[2]  The defendant relies upon *Flowers v. Tandy Corp.*, 773 F.2d 585 (4th Cir. 1985), which addressed the question of whether a § 2520(a) creates a cause of action against a defendant who has violated § 2512 but not § 2511. The court correctly found that if there has been no interception, disclosure or use in violation of § 2511, then there can be no cause of action against the defendant. *See Flowers*, 773 F.2d at 589. ("The express language of § 2520 is therefore not susceptible to a construction which would provide a cause of action against one who manufactures or sells a device in violation of § 2512 but does not engage in conduct violative of § 2511.") Unlike the plaintiff in *Flowers*, however, DirecTV has alleged that the defendant intercepted, disclosed or intentionally used its electronic communications in violation of § 2511. The issue here is whether § 2520(a) creates a cause of action for violations of § 2512 if the defendant has also committed § 2511 violations.

action provided for in § 2520(a). In fact, I find that the plain language of the statute fails to mention what cause of action the plaintiff may bring against the defendant. This is made clear by analysis of the two clauses in the provision. The first clause provides a standing requirement for plaintiffs, as several courts have recognized. *See, Perez*, 279 F. Supp. 2d at 964. ("If the plaintiff can meet that standing threshold, it can then pursue relief from the appropriate defendant.") Only those plaintiffs "whose . . . communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover" under this provision. 18 U.S.C. § 2520(a). The second clause defines that subset of defendants against whom a plaintiff with standing may recover, namely, those persons who "engaged in that violation." *See Flowers*, 773 F.2d at 587. ("The statute expressly limits those against whom the private action lies to the person who 'intercepts, discloses, or uses . . . such communications.'"). Thus, § 2520(a) as a whole is both a limiting provision with regard to the liability of potential defendants, *DirectTV, Inc. v. Moreno*, No. 03 C 2478, 2003 U.S. Dist. LEXIS 22219 at *12 (D.N.J. Dec. 11, 2003) (noting that "some courts read § 2520(a) as a limiting provision"),[3] and a standing provision with regard to eligibility of plaintiffs. Neither clause, however, defines the civil action under which a plaintiff with standing may recover against a qualified defendant.[4]

---

[3] *Moreno* notes that "Congress already lists an exemption from civil liability in § 2520(a), by excluding those assisting law enforcement pursuant to § 2511(2)(a)(ii)." 2003 U.S. Dist LEXIS 22219 at *15. The court reasoned that "[i]f Congress also intended to exempt those who violated . . . § 2512(1)(b) it would have done so." *Id.* at *15. I respectfully disagree that the exclusion of one provision, which protects activity that would necessarily give rise to a cause of action, implies inclusion of other provisions which are not implicated in the language of § 2520(a). Persons acting in violation with § 2511(2)(a)(ii) necessarily engage in or assist in activities within the scope of § 2520(a), such as interception of satellite communications. Such is not the case with violators of § 2512, who may not have committed the criminal offenses of interception, disclosure, or intentional use necessary for liability under § 2520(a).

[4] For example, if the second part had provided for plaintiffs with standing to recover "from [a] person or entity *for engaging* in that violation," this would clearly define the cause of action for which relief might be granted

5

While this reading is consistent with a number of cases that have read § 2520(a) simply as a standing provision, I disagree that this implies the court should or must allow a cause of action for violations of § 2512. Section 2520(a) provides the court with the discretion to determine what relief "may be appropriate." Given the absence of an explicitly defined cause of action, I find that § 2520(a) implicitly grants courts the discretion to determine what cause of action "may be appropriate," since the cause of action necessarily circumscribes the appropriate relief. Coincidentally, appropriate relief for a plaintiff bringing a cause of action under § 2520(a) is entirely circumscribed by the activities prohibited in § 2511.

The plaintiff cites to *Perez* which reasoned that allowing a cause of action for violations of § 2512 would give potential plaintiffs additional incentives to initiate litigation to protect their interests, which in turn would reduce the burden on prosecutors to pursue criminal convictions. 297 F. Supp. 2d at 964. While I agree that § 2520(a) may assist law enforcement by providing an incentive to private entities to police the manufacture and use of these devices, its ostensible purpose is not to penalize the defendant but rather to provide the plaintiff relief, whether in compensation for actual damages or in restitution for unjust enrichment in the form of statutory damages. One need not go so far as to allow a § 2520(a) cause of action for violations of § 2512 in order for the plaintiff to attain relief. Such relief is already provided for in § 2511, invoked in Count II of DirecTV's complaint.

Moreover, it cannot be assumed that such a result was desired or intended by Congress simply because it furthers the primary objectives of the legislation. *See Rodriguez v. United States,* 480 U.S. 522, 525-26 (1987) ("[N]o legislation pursues its purposes at all costs. Deciding

under § 2520(a).

what competing values will or will not be sacrificed to the achievement of a particular objective is the very essence of legislative choice-and it frustrates rather than effectuates legislative intent simplistically to assume that *whatever* furthers the statute's primary objective must be the law.") *quoted in DirecTV v. Beecher*, 296 F. Supp. 2d 937 (S.D. Ind. 2003). If Congress truly desired greater incentives for plaintiffs than those provided by a cause of action for violation of § 2511, it could do so through less subtle means than those suggested above, such as increasing the statutory damages afforded under the statute.

I find it to be inappropriate for the plaintiff to recover against the defendant for violation of § 2512. Manufacture, assembly or possession of the device, in violation of § 2512, does not injure the plaintiff. It is actual use of the device for specific purposes, i.e. interception, disclosure, or intentional use of the plaintiff's communications, which causes the actual injury. The only way in which possession of a Pirate Access Device might be viewed as injuring the plaintiff is in the sense that it promotes and enables interception, disclosure or intentional use of the plaintiff's communications. If the plaintiff can already recover for the actual use of the device in violation of § 2511, which it must in order to bring any action under § 2520(a), allowing the plaintiff to also recover under § 2512 would essentially grant the plaintiff double recovery for the same injury.


Count V: Conversion of Satellite Programming

Count V alleges that the defendant intentionally and wrongfully converted DirecTV's property for his own use and benefit, depriving DirecTV of its proprietary interests. To state a claim for conversion, DirecTV must allege that it has a right to the property, it has an absolute

and unconditional right to the immediate possession of the property, it has made a demand for possession, and defendants have wrongfully and without authorization assumed control, dominion, or ownership over the property. *Cirrincione v. Johnson,* 703 N.E.2d 67, 70 (Ill. 1998). The issue before me is whether or not interception and use of satellite communications may be characterized as unlawful conversion of property under Illinois common law. Research has turned up no Illinois decisions addressing this particular question.

However, this identical issue was dealt with in *Maraffino.* 2004 U.S. Dist. LEXIS 799. After addressing relevant Illinois cases, Judge Lefkow determined that even if "intangible property may sometimes be the object of conversion under Illinois law," the plaintiff still must be "deprived of the ability to benefit from the objects of the alleged conversions because the defendant ha[s] assumed full control over the objects." *Maraffino,* 2004 U.S. Dist. LEXIS 799 at *4; *see Stathis v. Geldermann, Inc.,* 692 N.E.2d 798 (Ill. App. Ct. 1998) (conversion of a corporation); *Conant v. Karris,* 520 N.E.2d 757 (Ill. App. Ct. 1987) (conversion of plaintiff's confidential information which was in turn used to outbid plaintiff and assume control of real property). I find this reasoning to be both consonant with Illinois common law and persuasive and therefore adopt Judge Lefkow's analysis here. In this case, as in *Maraffino,* "DirecTV has not been deprived of the ability to benefit from its satellite signals, nor have the defendants assumed control, dominion, or ownership over those signals." 2004 U.S. Dist. LEXIS 799 at *11.

For the foregoing reasons, I GRANT the defendant's motion to dismiss Count III and Count V of the complaint.

ENTER:

James B. Zagel
United States District Judge

DATE: 14 april 2004